**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2009

Charles R. Fulbruge III
Clerk

No. 09-50166
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO COVARRUBIAS-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3223-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Sergio Covarrubias-Garcia appeals the 30-month sentence imposed following his conviction on a guilty plea to being an alien found unlawfully in the United States after previously having been removed. *See* 8 U.S.C. § 1326. He contends the sentence imposed by the district court was unreasonable because: the sentence was greater than necessary to meet the goals of 18 U.S.C. § 3553(a);

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and, the advisory guidelines range overstated the seriousness of his offense, resulting in a sentence too severe for his crime, which he characterizes as merely an "international trespass".

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard (if the issue is preserved in district court), the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

As noted, pursuant to *Gall*, we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error". *Id.* at 753. If, as in this case, there is no such error, we then review the substantive reasonableness of the sentence imposed, as noted above, for an abuse of discretion. *Id.* at 751-53. (There was no objection in district court that the sentence is not reasonable. Because the contention fails under our usual standard of review, we need not decide whether review should be only for plain error.)

Because it is within the properly calculated guidelines range, Covarrubias' sentence is presumed to be reasonable. *See Rita v. United States*, 551 U.S. 338, 346-47 (2007). Covarrubias asserts the lack of an empirical basis for U.S.S.G. § 2L1.2 (unlawfully entering or remaining in the United States) should preclude this presumption; but, as he concedes, this contention is foreclosed by our court's precedent. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365–67 (5th Cir.), *cert. denied,* 130 S. Ct. 192 (2009).

The district court considered Covarrubias' requests for a more lenient sentence. His contentions that such a sentence would have met § 3553(a)'s goals

and that his offense level overstated the seriousness of his crime are insufficient to overcome the presumption of reasonableness of his within-guidelines sentence. *See Gall*, 552 U.S. at 51 ("The fact that the appellate court might reasonably [conclude] that a different sentence [is] appropriate is insufficient to justify reversal of the district court."); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (rejecting contentions that sentence was unreasonable where defendant asserted that his crime was merely "an international trespass" and that his within-guidelines sentence was too severe for the crime).

AFFIRMED.